## THE VILLAGE OF ST. ALBANS v. S. C. NOBLE.

### Incorporated Village.

The plaintiff was authorized by its charter to construct sewers; but the defendant, without taking any of the steps provided by the charter to get the village to build the sewer, procured tiles and an employe of the plaintiff, and, on his own motion, built a sewer across his land. It did not appear that the village ever accepted it, or was under any obligation to build or maintain it. *Held*, that the defendant was liable for the value of the tiles and the labor.

2. Nor can the defendant successfully claim that the tiles were owned by one R. who furnished them for the plaintiff, when in need of them, as the plaintiff, at the time these were delivered to the defendant, charged him and gave R. credit for them.

ASSUMPSIT. Heard on the report of a referee, September Term, 1883, ROYCE, Ch. J., presiding. Judgment for the plaintiff.

*Wilson & Hall*, for the plaintiff.

*Edson, Cross & Start*, for the defendant.

The opinion of the court was delivered by

VEAZEY, J. This is a suit in assumpsit to recover for cement, tiles, and labor of the plaintiff's employe, furnished to the defendant at his request. The tiles were obtained to be used in laying a drain or sewer across the defendant's premises and the labor charged for was expended on the same. The defendant claims that the plaintiff cannot recover; first, because it was the *duty* of the *plaintiff* to construct the sewer. If this was true, it is difficult to see, inasmuch as the plaintiff did not construct it, but the defendant did on his own motion, why the defendant should not pay for the material and labor which he obtained from the

plaintiff for this purpose. But the assumption is false. The provision of the village charter as to sewers is as follows: " Whenever the public health or convenience shall require the construction of a common sewer or main drain in the village of St. Albans, the trustees of said village, upon the application in writing of five or more freeholders and lawful voters of said village, are hereby authorized to lay, make, and maintain such common sewer or main drain, and to repair the same from time to time when necessary, and for such purpose may take the land of individuals," etc., with provisions for notice, compensation, etc.; also that persons benefited should be liable to contribute their just shares respectively towards the expense thereof, to be assessed by the trustees.

This did not impose the duty claimed upon the plaintiff; but conferred an authority and pointed out the method by which sewers could be constructed and paid for. This seems to be too well settled to admit of debate. 2 Dill. Mun. Cor. s. 801, and cases there cited; *Winn* v. *Rutland*, 52 Vt. 481. The report shows that the defendant took none of the steps provided to get the village to build the sewer; and there is no finding that the village ever accepted it, or was under any obligation to build or maintain it.

The second ground of defence, is that the tiles were owned by Ripley Sons, and a judgment in favor of the plaintiff would not bar an action by them against the defendant. This is a departure from the defence made before the referee; and it does not appear that this defence was made before the County Court. But if it was, we do not think the point is well taken.

Upon this point the report finds, that the defendant ordered the tiles of one Mason, who had charge of a stock for Ripley Sons, and who was also the superintendent of streets, sewers, and water works of the village of St. Albans; and that the president of the board of trustees of the village had made an arrangement with Mason for tiles to be used by the village and by other parties in making side connections, and that as fast as tiles were used for such purposes the village should give Ripley Sons credit for

them; that the purpose of this arrangement to supply other parties was for their accommodation and to secure uniformity of pipe; and that they were only charged what they cost the village. The latter did not sell pipe to other parties except as above stated, but became liable to pay for it as fast as it was taken whether to be used by the village or by others, and if used by others charged it to them.

It was under this arrangement and practice that Mason let the defendant have the pipe. Mason did not sell it to the defendant as the agent of Ripley Sons. His deal in their behalf was with the village; but in letting the defendant and others have pipe to be used in side connections as this was, he acted for the village. The latter charged the pipe that other parties had, under the above arrangement, as soon as superintendent Mason reported a sale. When pipe was thus sold, reported, charged to the party by the village and credited to Ripley Sons, the latter could look only to the village for the pay. So far as they were concerned it was simply a sale of pipe to the village.

These views render the other exception unimportant.

Judgment affirmed.